ABIEL KENYON, plaintiff in error, *v.* MASON SUTHERLAND, defendant in error.

*Error to Cook.*

Accord and satisfaction must be specially pleaded in an action of trespass, and cannot be given in evidence under the general issue.

The reading of an improper paper by counsel in the argument of a cause cannot be assigned for error. The opposite counsel, in such case, should request the Court to instruct the jury, that nothing which was said or read by counsel in his argument was evidence before them.

There is a distinction between a plea setting up matter of defence, which has arisen since the commencement of the action but *before* plea pleaded, and pleas alleging matters of defence, originating *after* plea pleaded. A plea of the former kind is not, properly speaking, a plea of *puis darrein continuance.* Such a plea differs from a plea in bar in this only, that it cannot destroy the original cause of action, and cannot be pleaded in bar generally, but must be pleaded to the further maintenance of the suit.

TRESPASS *quare clausum fregit,* in the Cook Circuit Court, brought by the defendant in error against the plaintiff in error, and heard before the Hon. Richard M. Young and a jury, at the March term 1844, when a verdict and judgment was rendered in favor of the plaintiff below for the sum of $33·40.

The various proceedings in the case are stated in the Opinion of the Court. The case was submitted on briefs and written arguments.

*H. Brown,* for the plaintiff in error, made the following points:

I. The Court erred in striking the notice of special matter from the files of the Court, on account of its being inconsistent with the plea of the general issue. Rev. Stat. 415, § 14.

II. The Court erred in sustaining the demurrer to the defendant's plea of *puis darrein continuance.*

III. The Court erred in excluding evidence of settlement.

IV. The Court erred in permitting the plaintiff's counsel below to read the affidavit of George Cook, in his argument to the jury.

V. The Court erred in refusing a new trial.

It appears conclusively from the case, that after the commencement of the suit, the whole matter in controversy was settled by the defendant giving his note for $17, with security, which was accepted and received by the plaintiff below in full satisfaction of damages and costs, and the suit was to be dismissed. This fact being stated in the plea, and admitted by the demurrer, authorities on behalf of the defendant below are entirely superfluous. The above facts were pleaded by a special notice in the first place; they were repeated in the plea of *puis darrein continuance;* they were afterwards offered in proof on the trial, and a motion for a rehearing made and refused. The defendant below was not, therefore, guilty of laches.

*I. N. Arnold,* and *B. S. Morris,* for the defendant in error.

I. The first error assigned is, that the notice attached to defendant's plea should not have been stricken from the files. In reply to this we say:

*First,* The notice was insufficient, and therefore properly stricken from the files; and

*Second,* The notice was waived by the subsequent plea. The objection to the plea was in the nature of a demurrer to a plea. On sustaining the objection to the notice, defendant could elect to stand by the notice, or plead over. He did plead over, and thereby waived the notice. He could not stand by the notice and still plead over.

II. The second error assigned is the sustaining the demurrer to the defendant's plea of *puis darrein continuance.* The demurrer was rightfully sustained. The plea was bad. It alleges that the suit was settled, &c., on the 7th November, 1842. The plea of general issue was filed on the first day of April, 1843. The motion to strike the notice from the files was granted in March, 1844. In *Ross* v. *Nesbit,* 2 Gilman, on page 257, the Court say: "Such a plea (a plea *puis darrein continuance*) must show facts happening after the last continuance, and not before it."

This plea sets forth facts alleged before the plea of the general issue was ever filed. It is clearly bad as a plea of

*puis darrein continuance.* The plea to which the demurrer was sustained is also objectionable on the ground of its being double. It purports to be a plea in bar, but closes as a plea in abatement.

III. The third error assigned is not well taken, because evidence of a settlement is not competent under the plea of "not guilty."

IV. The affidavit of Cook was read, if at all by counsel, as a part of his argument, and not as evidence, and merely as an offset to the reading (very improperly) of the plea sworn to, to which a demurrer had been sustained. Neither, perhaps, can be assigned as error, and both were, perhaps, equally improper.

The Opinion of the Court was delivered by

Koerner, J.* In March, 1842, Sutherland, the plaintiff below, commenced an action of trespass against Kenyon, defendant below, in the Cook Circuit Court, and filed his declaration to the May term, 1842, of said Court. No further steps appear to have been taken by the parties until the March term, 1843, when the defendant, Kenyon, filed his plea of general issue, and also a notice to plaintiff, in which he sets forth, as a special matter of defence, that after the commencement of the suit, the subject matter thereof was settled between the said plaintiff and defendant; that on the 7th day of November, 1842, the defendant gave the plaintiff his note, with security, for $17, payable thereafter, which the said plaintiff accepted and received in full satisfaction and discharge of the damages and costs in this suit, and that plaintiff, in consideration of its receipt, agreed to dismiss the suit and pay the costs.

No further proceedings were had in said case, it never having been reached on the docket, as the record states, until at the March term 1844, when the plaintiff made a motion to strike the notice and plea accompanying it from

---

* Wilson, C. J. and Justices Lockwood and Young took no part in the decision of this case.

the files, which motion was allowed, to which decision the defendant excepted.

By leave of the Court, the defendant then at the same term filed a plea of *puis darrein continuance*, as it is called by him, and as it seems to have been treated by the Court, against the plaintiff's further maintenance of the action, which plea sets out the same matter more precisely, which is insisted upon as a defence in the notice, concluding with a verification, and which plea was sworn to by the defendant.

The plaintiff filed a general demurrer to this plea, which was sustained by the Court.

The parties then went to trial under the general issue, as the record shows, although it previously stated that the said plea was stricken from the files. But we presume that there was a clerical mistake in entering up the first order. On the trial the defendant's counsel asked a witness the question, if the subject matter in the suit had not been settled by the parties, which question was objected to, and the objection sustained.

The bill of exceptions also notices that defendant's counsel objected to the reading of a certain affidavit by the plaintiff's counsel, when he argued the case, which objection was overruled by the Court. The jury found a verdict in plaintiff's favor, whereupon defendant moved for a new trial, upon an affidavit, which however is not contained in the record, which motion was overruled, and judgment rendered for plaintiff according to the verdict.

The errors assigned are:

1st. The Court erred in striking the defendant's notice from the files;

2d. In sustaining plaintiff's demurrer to the defendant's plea of *puis darrein continuance;*

3d. Rejecting defendant's evidence, tending to show a settlement of the suit; and

4th. In overruling the motion for a new trial, and allowing plaintiff's counsel to read the affidavit of Cook in the argument.

The third error is not well assigned. Accord and satisfac-

tion must be specially pleaded in an action of trespass, and cannot be given in evidence under the general issue, which was the only issue remaining before the jury. 1 Chitty's Pl. 545.

The fourth error is, also, not well assigned. Nothing appears on the record which would have justified the granting of a new trial, none of the affidavits which are mentioned in the bill of exceptions appearing of record. We think, however, that the reading of an improper paper by counsel in the argument of a cause can never be assigned as error. If the defendant had thought himself prejudiced by such a course, the Court would certainly, upon his motion, have instructed the jury that nothing was evidence before them, which was either said or read by counsel in his argument.

I will now pass to the points presented by the assignment of the other errors.

It is unnecessary, under the view which we take of this case, to consider whether by the filing of the plea, called a plea *puis darrein continuance*, the defendant waived his exception to the decision of the court in striking the notice from the files. We are of opinion that the plea itself was a good one, and that the general demurrer to it ought to have been overruled. As a plea of *puis darrein continuance* it was objectionable, because it set forth matter of defence, which arose *before* the last continuance, and before plea pleaded. *Ross* v. *Nesbit*, 2 Gilman, 253. According to the imperfect record before us, the defendant did not file any plea in the case before the March term, 1843, while his plea alleges accord and satisfaction in November, 1842. The cause was never called after general issue and notice filed, until at the March term, 1844, when the notice was decided to be insufficient, and the defendant immediately filed his plea.

There is a distinction between a plea setting up matter of defence, which has arisen since the commencement of the action but before plea *pleaded*, and pleas alleging matters of defence originating after plea pleaded. A plea of the former kind is not, properly speaking, a plea of *puis darrein continuance*. Such a plea differs from a plea in bar in this only,

that it cannot destroy the original cause of action, and cannot be pleaded in bar generally, but must be pleaded to the further maintenance of the suit. 1 Chitty's Pl. 696.

The plea in question, it will be perceived, goes only to the further maintenance of the plaintiff's action, for matter occurring since the action was commenced, and before plea pleaded. The defendant, at the earliest stage of his pleading, set up his defence under the notice, and as soon as this notice was ruled out, he embodied the same defence in his plea. This plea, being a substitute for the notice, must be considered in contemplation of law, as having been filed together with the general issue. In fact, whenever amended pleadings are filed, they must be considered as having been filed, in point of time, when the original pleadings were filed.

From the very nature of the case, the defendant could never have made his defence in a plea of *puis darrein continuance*, as the settlement between the parties was made before the record showed the last continuance, or before there was any plea pleaded. Shall he lose his defence by misnaming his plea? We think not. It contains all the averments necessary in a plea which goes only to the further maintenance of the suit; and also sufficient to show accord and satisfaction. 5 Johns. 390, and authority there cited. 1 Inst. 212. The plea is substantially good as a plea to the further maintenance of the action, though not as one of *puis darrein continuance*. On special demurrer it would have been objectionable for the reason that it was contradictory, which arose from the fact that the pleader intended it for a plea since the last continuance.

The plaintiff might have objected to this plea, as not having been filed in compliance with the order of the Court, which allowed him to file a plea *puis darrein* only. But having joined issue on the plea, by demurring he waived this objection.

The demurrer ought to have been overruled. Judgment must be reversed, with costs, and cause remanded for further proceedings.

　　　　　　　　　　　　　　　*Judgment reversed.*